IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:17-cr-00198-1

JOSEPH REEDER-SHAW

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Joseph Reeder-Shaw's pro se motion for compassionate release and appointment of counsel. [ECF No. 448]. In deciding compassionate release motions, the court will consider whether the defendant has exhausted his administrative remedies, demonstrated "extraordinary and compelling reasons," and the § 3553(a) factors. To establish "extraordinary and compelling reasons" for release by reason of COVID-19, a defendant must demonstrate two criteria: first, that he or she has a medical condition listed by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19; second, that he or she is at a facility which cannot effectively prevent the spread of the virus.

I. Background

On August 23, 2018, I sentenced Mr. Reeder-Shaw to 144 months of imprisonment followed by 3 years of supervised release after he pled guilty to conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846.

Mr. Reeder-Shaw is currently imprisoned at Federal Correctional Institution ("FCI") Milan in Michigan. He alleges he suffers from obesity, asthma, and hypertension. [ECF No. 448]. FCI Milan is a low security correctional institution with a detention center. Today, FCI Milan houses 1,261 total inmates. *FCI Milan*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/mil/ (last visited May 18, 2021). As of May 18, 2021, there is only one active case of COVID-19 among prisoners and four active cases among staff at FCI Milan. *See COVID-19 Cases*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited May 18, 2021).

## II. Discussion

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before a defendant makes such a request, he must ask BOP to do so on his behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). Once an inmate has satisfied administrative exhaustion, a court may reduce his sentence upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18,

2020). But the United States Court of Appeals for the Fourth Circuit has clarified that district courts are not bound by the enumerated extraordinary and compelling reasons listed in United States Sentencing Guideline § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means the district court need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."). Therefore, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

I have joined other courts in holding that I cannot find that "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a medical condition that puts him or her more at risk for developing a serious illness from COVID-19 *and* his prison conditions are such that BOP cannot effectively prevent the spread of COVID-19. Factors include but are not limited to the steps BOP has taken to stop the spread of COVID-19 in that particular prison and steps to follow CDC guidance, the ability of inmates to socially distance, the amount of hygiene products and face masks provided to inmates, and the number of COVID-19 cases in that prison. *United States v. Boston*, No. 2:19-cr-00162, 2021 WL 77466, at *3–4 (S.D. W. Va. Jan. 7, 2021); *see also United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020)

3

("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."); *United States v. Penaloza*, No. 19-238, 2020 WL 1555064, at *2 (D. Md. April 1, 2020) ("[T]he mere presence of the virus, even in the detention setting, does not translate to the release of a person accused."). In deciding which medical conditions result in an inmate being at higher risk for COVID-19, I will defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 11, 2021).

### A. Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

Mr. Reeder-Shaw attached documentation to his motion showing that he requested compassionate release from the warden at FCI Milan in January 2021. [ECF No. 448-1, at 5–6]. That request was denied. Because more than thirty days have passed since Mr. Reeder-Shaw sent his initial request to the warden, I find that Mr. Reeder-Shaw has exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

As explained above, in order to demonstrate extraordinary and compelling reasons for release, Mr. Reeder-Shaw must show that he has a medical condition that puts him more at risk for developing a serious illness from COVID-19 *and* the facility where he is housed has conditions such that its inmates are at a higher risk of contracting COVID-19.

Mr. Reeder-Shaw alleges that compelling and extraordinary reasons exist to grant him compassionate release due to COVID-19 because he is obese and suffers from asthma and hypertension. However, I need not consider whether Mr. Reeder-Shaw has adequately supported these contentions because he fails to show that the conditions at FCI Milan are such that BOP cannot effectively prevent the spread of COVID-19. Instead, Mr. Reeder-Shaw makes only generalized statements about the risks of COVID-19 while incarcerated. While I understand Mr. Reeder-Shaw's concerns about being incarcerated during the COVID-19 pandemic, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020). Further, I cannot find that BOP is unable to control the spread of COVID-19 at FCI Milan. FCI Milan has only one active inmate case, and data provided by BOP shows that FCI Milan has not had more than three simultaneous active cases at any point since February 12, 2021. *Active Cases of COVID-19 Over Time*, FCI Milan, https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8/page/page_2/ (last visited May 18, 2021). Given this data, I cannot find that the prison conditions at FCI Milan indicate that BOP is unable to control the spread of COVID-19.

### III. Conclusion

Mr. Reeder-Shaw's motion for compassionate release and appointment of counsel [ECF No. 448] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 21, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE